UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KELLY J. CHAVEZ,                              )
                                             )
            Plaintiff,                        )
                                             )
      v.                                      )     CIVIL NO.   1:16cv314
                                             )
NANCY A. BERRYHILL, Acting                    )
Commissioner of Social Security              )
                                             )
            Defendant.                        )

OPINION AND ORDER

This matter is before the court on a motion for award of attorney fees pursuant to the

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed by the Plaintiff on November 14,

2018. On November 21, 2018, the Commissioner filed a response to which Plaintiff replied on

November 28, 2018

For the following reasons, the motion will be granted.

Discussion

On September 21, 2018, this court remanded this case to the Commissioner based on the

decision of the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit

ordered remand because the ALJ erred at Step 5 of the sequential evaluation because she did not

ensure that the vocational expert's job estimates were reliable (Opinion at 11–17). Chavez now

seeks an award of attorney fees in the amount of $18,409.80.

In order for a Social Security disability claimant to obtain an award of attorney's fees

against the Federal Government pursuant to the EAJA, 28 U.S.C. Section 2412, this court must

find: (1) that the claimant was the prevailing party; (2) that the claimant had a net worth not

exceeding two million dollars ($2,000,000.00) at the time the action was filed; (3) that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and (4) that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances.

In response to the motion for EAJA fees, the Commissioner argues that the position of the United States was substantially justified. As noted, the EAJA provides that a prevailing party in litigation against the United States Government may recoup an award of attorney fees and other expenses if, among other conditions, the position of the Government was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006). Clarifying the EAJA standard, the Supreme Court held that a position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). The Supreme Court further noted that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The standard is considered satisfied if a "genuine dispute" exists. *Id.* at 565.

By including the substantial justification standard in the EAJA, Congress made clear that it did not intend that prevailing parties would automatically recover attorney fees. *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009) ("The 'EAJA is not an automatic fee-shifting statute in favor of litigants who prevail against the government.'") (quoting *Zapon v. U.S. Dep't of*

*Justice*, 53 F.3d 283, 284 (9th Cir. 1995)). Accordingly, a court's ruling on the merits of a case is not determinative as to whether the Government's position was substantially justified. *Pierce*, 487 U.S. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."); *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The government's position respecting [plaintiff's] claim, although we rejected it, had a 'reasonable basis in law and fact,' and it therefore was 'substantially justified' within the meaning of the Equal Access to Justice Act . . . . The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action, and it did."); *EEOC v. O & G Spring & Wire Forms Speciality Co.*, 38 F.3d 872, 884 (7th Cir. 1994) (stating that the substantial justification standard "does not require a showing that the government's position was either correct or even 'justified to a high degree'") (quoting *Pierce*, 487 U.S. at 565). The substantial justification standard is distinct from the substantial evidence standard utilized in reviewing the merits of an ALJ's disability determination. *Cummings v. Sullivan*, 950 F.2d 492, 498–99 (7th Cir. 1991). In determining whether the Government's position was substantially justified, the legal and factual circumstances of the case must be reexamined "from a different perspective than that used at any other stage of the proceedings." *U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000).

In the present case, the Seventh Circuit ordered remand because substantial evidence did not support the ALJ's Step 5 determination. More specifically, the court determined that the ALJ failed to ensure that the vocational expert's job estimates were reliable (Opinion at 2). But the court recognized that establishing the reliability of job numbers does not require meeting an

"overly exacting standard" (Opinion at 12). While the court found it problematic that the expert did not explain why he had so much confidence in his methodology, it posited that a vocational expert could use this expert's method if he explained that he also drew on his past experience using the method, knowledge of job markets, or practical learning from assisting job seekers (Opinion at 14–15, 17). The Commissioner points out that the court acknowledged that the ALJ made some attempt to abide by past precedent in obtaining a reasonable explanation, but the expert did not offer up a sufficient explanation supporting the method used (Opinion at 17). The Commissioner concludes that just because the ALJ's decision did not fully comply with Seventh Circuit precedent, there is no reason to find substantial justification was lacking.

Not surprisingly, Plaintiff takes issue with the Commissioner's arguments. As Plaintiff notes, the Seventh Circuit has, in quite a few cases, discussed the significant problems in the vocational expert's methodology and reasoning. *See Alaura v. Colvin*, 797 F. 3d. 503, 507-508 (7th Cir. 2015); *Voigt v. Colvin*, 781 F.3d 871, 879 (7th Cir. 2015); *Browning v. Colvin*, 766 F.3d 702, 709 (7th Cir. 2014) ; *Herrmann* v. Colvin, 772 F.3d 1110, 1112-14 (7th Cir. 2014). The law is clear that an ALJ cannot base a Step 5 finding based upon an unreasoned and unprincipled explanation from a vocational expert. This is not subject to genuine dispute and, therefore, the Government's substantial justification defense fails.

The Commissioner next argues that Plaintiff is only entitled to a reasonable amount of fees. The Commissioner correctly points out that when requesting attorney's fees under EAJA, Plaintiff bears the burden of showing that the fees her attorney seeks are reasonable. *See Ashton v. Pierce*, 580 F.Supp. 440, 441 (D.C. Cir.1984), (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In the present case, the Commissioner argues that Plaintiff's attorney should not be

compensated at the hourly rates requested. Plaintiff has used the CPI-U data to calculate the hourly rate which includes inflation calculations. The Commissioner, however, contends that inflation should be calculated using the Midwest Urban average of the CPI. Using this calculation would reduce the attorney fee award from $17,395.80 to $16,785.21, according to the Commissioner's calculations.

As Plaintiff points out, the CPI-U has, time after time, been accepted as a reasonable means of determining inflation. *See Ruiz v. Colvin*, 14-cv-69 (ND IN 2016); *Boyanowski v. Colvin*, 1:12-cv-139 (ND IN 2014); *Smith v. Colvin*, 1:12-cv-320 (ND IN 2013); *Verlee v. Colvin*, 1:12-cv-45 (ND IN 2013). Additionally, Plaintiff's counsel's approach in using the national index has also been accepted in the contested EAJA cases of *Stark v. Colvin*, 1:14-cv-108 (ND IN 2018); *Williams v. Colvin*, 1:15-cv-0277 (ND IN 2018); and *Alaura v. Colvin*, 1:13-cv-0287 (ND IN 2016). Notably, the Commissioner cites no case from the Northern District of Indiana to support his position. This court agrees with Plaintiff that her counsel's requested rates are reasonable.

Plaintiff's counsel has indicated that he worked an additional 5.2 hours replying to the Commissioner's response to the fee request. Based on the rate of $195 per hour set forth in the EAJA application, Plaintiff's counsel's additional work entitles him to another $1,014.00 in fees, for a total request of $18,409.80.

For the foregoing reasons, Plaintiff's motion for EAJA fees will be granted.

<u>Conclusion</u>

On the basis of the foregoing, Plaintiff's motion for EAJA fees [DE 37] is hereby

GRANTED, and Plaintiff is hereby AWARDED $18,409.80 in EAJA fees.

Entered: January 22, 2019.

s/ William C.  Lee
William C. Lee, Judge
United States District Court